# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DONNA LLOYD,<br><br>Plaintiff,<br><br>-against-<br><br>AUGME TECHNOLOGIES, INC.<br><br>Defendant. | Civil Action No. _____<br><br>July Trial Demanded |

Plaintiff Donna Lloyd, by and through her attorneys, upon personal knowledge as to herself and upon information and belief as to other matters, brings this Complaint against Defendant Augme Technologies, Inc. ("Augme Technologies") and alleges as follows:

## INTRODUCTION

1. Plaintiff brings this lawsuit seeking recovery against Defendant for Defendant's violations of the New Jersey Conscientious Employee Protection Act, N.J.S.A. 34:19-1 to N.J.S.A. 34:19-8 ("CEPA") and the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 *et seq.* ("NJLAD").

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332(a)(1) (diversity of citizenship).

3. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391 (a)(2) and (c).

4. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C.

1

§§ 2201 and 2202.

## PARTIES

**Defendant**

**Defendant Augme Technologies**

5. Defendant Augme Technologies is a publicly-traded corporation organized under the laws of Delaware and doing business in the State of New Jersey. Defendant Augme Technologies has corporate headquarters at 43 West 24th Street, 11th Floor, New York, New York 10010.

6. Defendant Augme Technologies has designated the following agent to the New York State Department of State to receive service of process: C/O Business Filings Incorporated, 187 Wolf Road, Suite 101, Albany, New York 12205.

7. Defendant Augme Technologies is a leading provider of mobile and multi-media marketing services whose customers have included a number of national companies. Defendant Augme Technologies provides interactive media marketing platforms, applications, services, systems, and methods that enable marketers to integrate video and other digital content to deliver promotions that are personalized based upon characteristics of the user.

8. At all times relevant to this Complaint, Defendant Augme Technologies was and is an "employer" as defined under CEPA, N.J.S.A. 34:19-2(a).

9. At all times relevant to this Complaint, Defendant Augme Technologies was and is an "employer" as that term is defined by NJLAD, N.J.S.A. 10:5-5(e).

**Plaintiff**

10. Plaintiff Donna Lloyd is an adult individual who is a resident of Monmouth County, New Jersey.

11. While employed by Defendant, Plaintiff worked from her home office.

12. Plaintiff was employed by Defendant Augme Technologies as a manager from March 1, 2010 to July 14, 2010, when she was wrongfully terminated in violation of CEPA and NJLAP.

## FACTS

13. During the period that Plaintiff Donna Lloyd was employed by Defendants, she was an exemplary employee. Ms. Lloyd was promoted to Managing Director, Vice President of Augme Mobile Health approximately one month before she was wrongfully terminated.

14. During the course of Plaintiff's employment, Defendants willfully and knowingly shared patient healthcare information with pharmaceutical companies in violation of law, including in violation of the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), and in contradiction to a clear mandates of public policy concerning public health, including the mandate to safeguard patient privacy.

15. Defendants' mobile health platform allowed pharmaceutical companies to access consumers' confidential healthcare information in violation of law, including in violation of HIPAA, and in contradiction to a clear mandates of public policy concerning public health, including the mandate to safeguard patient privacy.

16. Augme willfully and knowingly shared patient healthcare information with pharmaceutical companies and other third party vendors without disclosing to the consumer how

the patient information received would be treated for all or individual mobile health programs in which a patient participated.

17. Augme did not add a component to their mobile programs where a consumer/patient could click to access Augme's HIPAA privacy. In addition, Augme did not have a privacy policy posted on their website so that a consumer could view how their data was being treated, stored, shared, sold or destroyed or how a consumer could opt out of any current or future Augme sponsored programs.

18. Augme circulated a HIPAA Compliance Statement which does not include a provision for how it treats patient data. The HIPPA Compliance Statement did not specify Augme's opt-in and opt-out policy at the consumer/patient level. It did not identify Augme's Chief Compliance Officer. In addition, Augme asserted in presentations and in collateral that it was the only HIPAA compliant mobile platform, which was false and misleading. Plaintiff brought these violations to the attention of Defendant.

19. Plaintiff complained to Defendant Augme Technologies' manager Jeannette Brandofino about the violation of privacy and contravention of HIPAA requirements connected with the mobile health platform. In response to the complaints made to Ms. Brandofino, Defendant failed to take any remedial actions reasonably calculated to protect consumer privacy and instead retaliated against Plaintiff in violation of CEPA.

20. Plaintiff complained to both Jeannette Brandofino and Anthony Iacovone about the violation of privacy and contravention of HIPAA requirements connected with the mobile health platform. In response to the complaints made to Defendant, Defendant failed to take any remedial actions reasonably calculated to protect consumer privacy and instead retaliated against Plaintiff in violation of CEPA.

21. Plaintiff's complaints to Defendant regarding the violation of privacy and HIPAA requirements connected with the mobile health platform were reasonable and were an activity protected by the CEPA. Defendants violated the CEPA when they retaliated against Plaintiff for engaging in a protected activity by, among other things, terminating her employment on July 14, 2010.

22. Plaintiff was subject to other acts of retaliation that would deter a reasonable person from voicing such complaints, such as not being paid for accrued vacation days, not being reimbursed for expenses, and not being paid owed commissions. In addition, Brandofino defamed Plaintiff by publishing malicious and untrue statements about her.

23. After Plaintiff's termination, Augme revamped its website and added a link to a new whistleblower policy.

24. On July 8, 2010, Plaintiff informed Defendants that she was pregnant.

25. On July 8, 2010 Plaintiff presented Iacovone with a doctor's note regarding medical complications associated with her pregnancy. Defendant Iacovone flatly refused to accept the note.

26. Immediately after learning of Plaintiff's pregnancy, Defendants summarily fired Plaintiff.

27. Defendants' termination of Plaintiff's employment was motivated by discriminatory animus.

## FIRST CAUSE OF ACTION

### VIOLATION OF CEPA, N.J.S.A. 34:19-1 to N.J.S.A. 34:19-8

28. Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 27 and incorporates by reference the same as fully set forth herein.

29.     Defendant Augme Technologies is an "employer" within the meaning of the New Jersey Conscientious Employee Protection Act ("CEPA"), N.J.S.A. 34:19-1 to N.J.S.A. 34:19-8.

30.     Plaintiff was terminated as a consequence of complaining about and/or refusing to be party to Defendant's illegal actions.

31.     Defendant's retaliated against Plaintiff in violation of the provisions of CEPA, an such retaliation included, but is not limited to, termination, not being paid for accrued vacation days, not being reimbursed for expenses, and not being paid owed commissions

32.     As a direct and proximate result of Defendants' termination of Plaintiff, in violation of CEPA, Plaintiff has experienced and will continue to experience pain and suffering, and extreme and severe mental anguish and emotional distress.  Plaintiff has suffered a loss of earnings and other employment benefits and job opportunities.  Plaintiff is thereby entitled to general and compensatory damages.

33.     Plaintiff alleges that the outrageous conduct of Defendants described above was done with malice, fraud, and oppression; with conscious disregard for her rights; and with the intent, design, and purpose of injuring Plaintiff. Defendants, through their officers, managing agents, and/or supervisors authorized, condoned, and/or ratified the unlawful conduct named in this action.  By reason thereof, Plaintiff is entitled to punitive or exemplary damages, pursuant to N.J.S.A. 34:19-5(f), from Defendants in a sum according to proof at trial.

## SECOND CAUSE OF ACTION

**VIOLATION OF NJLAD, N.J.S.A. 10:5-1 *et seq.***

34.     Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 33 and incorporates by reference the same as fully set forth herein.

35.     Defendant Augme Technologies is an "employer" within the meaning of the New

Jersey Law Against Discrimination, N.J.S.A. 10:5-1 *et seq.*

36. By the foregoing conduct, Defendants created and maintained a hostile work environment on the basis of Plaintiff's gender and/or pregnancy in violation of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 *et seq.*

37. By the foregoing conduct, including but not limited to the harassment, disparate treatment, and termination of Plaintiff's employment, Defendants have treated Plaintiff adversely with respect to the terms, conditions, and privileges of her employment on account of her gender and/or pregnancy, in violation of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 *et seq.*

38. As a result of Defendants' actions, Plaintiff is entitled to compensatory damages, punitive damages, and any such further relief that the Court deems just and proper.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

a. Compensatory damages, including but not limited to back pay, front pay, bonuses, incentive pay, stock options and all other benefits to which Plaintiff is entitles, including pension and profit-sharing benefits;

b. Damages for all economic loss, physical and emotional distress, anxiety, humiliation, emotional harm, pain and suffering, career, family and social disruption and other grievous harm;

c. Punitive and exemplary damages;

d. Costs and disbursements of this suit, including reasonable attorneys' fees;

e. Pre-judgment interest; and

f. Such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all actions triable to a jury.

Date: July 14, 2011                     Respectfully submitted:


                                        DICHIARA LAW FIRM LLC


                                        _____/s_____
                                        Michael R. DiChiara
                                        Attorney for Plaintiff