NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| **DONNA LLOYD,** | Civil Action No. 11-4071 (JAP) |
| **Plaintiffs,** | |
| v. | **MEMORANDUM ORDER** |
| **AUGME TECHNOLOGIES, INC.,** | |
| **Defendants.** | |

This matter comes before the Court upon Plaintiff Donna Lloyd's ("Plaintiff") request for leave to file an Amended Complaint in order to assert a claim of retaliation against Defendant Augme Technologies, Inc., ("Augme") for bringing counterclaims against Plaintiff [Docket Entry No. 9]. Augme opposes Plaintiff's Motion to Amend. The Court has fully reviewed and considered all arguments made in support of, and in opposition to, Plaintiff's motion. The Court considers Plaintiff's motion without oral argument pursuant to FED.R.CIV.P. 78. For the reasons set forth more fully below, Plaintiff's motion is DENIED.

**I.      Background and Procedural History**

This case involves Augme's alleged violations of the New Jersey Law Against Discrimination ("NJLAD") and the New Jersey Conscientious Employee Protection Act ("CEPA"). Plaintiff filed her Complaint on July 14, 2011 [Docket Entry No. 1]. Plaintiff agreed to allow Augme additional time to file a responsive pleading per a Stipulation Order filed on August 5, 2011. On September 9, 2011, Augme filed an Answer and asserted Counterclaims against Plaintiff [Docket Entry No. 5]. Plaintiff has now filed this motion seeking to amend her

Complaint in order to assert a claim against Augme for retaliation for bringing counterclaims against her.

Plaintiff argues that Augme's counterclaims, in themselves, are an act of retaliation. Plaintiff states that courts throughout the country have held that counterclaims, such as the ones asserted by Augme, can be construed as unlawful retaliation. Plaintiff cites a number of cases from other jurisdictions in support of this proposition. *Plaintiff's Motion* at *2.

Augme opposes Plaintiff's motion. Augme asserts that "the NJLAD and the CEPA do not allow a former employee to sue for retaliation based on the former employer's assertion of counterclaims in litigation." *Defendant's Memorandum of Law in Opposition* at *7. Augme argues that it has "excellent, non-retaliatory" reasons for pursuing its counterclaims and that Plaintiff's amendments must fail as futile. *Id.*

Augme relies on the wording of the statute and on case law from other jurisdictions in support of its position. Augme also relies, in large part, on the holding in *Flores v. City of Trenton*, Civil Action No. L-667-05, 2011 WL 812469 (N.J. App. Div. Mar. 10, 2011). Although *Flores* is an Appellate Division case, Augme contends that this Court must give due regard to the *Flores* decision because it "involved a ruling by an intermediate level state court on a question of state law." *Defendant's Memorandum of Law in Opposition* at *9 (citing *Rolick v. Collins Pine Co.*, 925 F.2d 661, 664 (3d Cir. 1991).

Augme argues that the cases which Plaintiff cites in support of her motion were not decided under the NJLAD and CEPA. Augme states that Plaintiff cannot "cite a single case in which a court sustained a retaliation claim under the NJLAD or CEPA based on post-

employment acts, let alone based on counterclaims brought by a former employer." *Defendant's Memorandum of Law in Opposition* at *10.

II.   Analysis

Pursuant to FED.R.CIV.P. 15(a)(2), leave to amend the pleadings is generally given freely. *See Foman v. Davis,* 371 U.S. 178, 182 (1962); *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000). Nevertheless, the Court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." *Id*. However, where there is an absence of undue delay, bad faith, prejudice or futility, a motion for leave to amend a pleading should be liberally granted. *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004). An amendment is futile if it "is frivolous or advances a claim or defense that is legally insufficient on its face." *Harrison Beverage Co. v. Dribeck Imp., Inc.,*, 133 F.R.D. 463, 468 (D.N.J. 1990) (internal quotation marks and citations omitted).

In this case, the only argument that Augme raises in opposition to Plaintiff's motion is Augme's assertion that Plaintiff's claim of retaliation is futile because Plaintiff has not presented a valid cause of action under the NJLAD and CEPA. However, a close inspection of Plaintiff's Proposed Amended Complaint [Docket Entry No. 9-1] reveals that Plaintiff only seeks to assert the retaliation claim under the CEPA. *See Plainitff's Proposed Amended Complaint* at *6. Thus, the Court need only address the futility of Plaintiff's retaliation claim as it applies to the CEPA.

In order to establish a prima facie case of CEPA retaliation, a plaintiff must establish that:

(1) he reasonably believed that his employer's conduct was violating either a rule or law or regulation promulgated pursuant to law;

(2) he disclosed or threatened to disclose the activity to a supervisor or public body;

(3) an adverse employment action was taken against him; and

(4) a causal link exists between the whistleblowing and the adverse employment action.

*See Kolb v. Burns*, 320 N.J.Super. 467, 476 (App.Div.1999); *Blackburn v. United States*, 179 F.3d 81, 92 (3d Cir.1999); *Young v. Schering Corp.*, 275 N.J.Super. 221, 233 (App. Div. 1994).

However, it is well established that CEPA does not apply to post-employment conduct. *See Young v. Schering Corp.*, 141 N.J. 16, 30, 660 A.2d 1153 (1995); *Boody v. Township of Cherry Hill*, 997 F.Supp. 562, 567 (D.N.J. Dec. 18, 1997); *Zubrycky v. ASA Apple, Inc.*, 381 N.J.Super. 162, 168, 885 A.2d 449, 452 (N.J.Super.A.D.,2005); *West v. City of Newark*, 2007 WL 3232587, 4 (D.N.J.) (D.N.J.,2007).

Plaintiff certifies in her Complaint that her employment with Augme was terminated on July 14, 2010. Augme filed its Answer and Counterclaims on September 8, 2011 [Docket Entry No. 5]. Thus, the filing of the allegedly frivolous counterclaims, which Plaintiff expressly states are the basis for her added claim of retaliation under CEPA, occurred post-employment. As such, her amendment must fail as futile.

### III. Conclusion

Because Plaintiff has based her additional claim of retaliation under the CEPA, and based solely on the post-employment actions of Augme, she has not asserted a valid cause of action. For that reason, Plaintiff's Motion to Amend must be denied as futile.

For the reasons stated above and for good cause shown

**IT IS** on this 20th day of January, 2012

**ORDERED** that Plaintiff's motion to file an Amended Complaint is **DENIED without prejudice**; and it is further

**ORDERED** that the Clerk of the Court shall terminate this motion [Docket Entry No. 9] accordingly.

                                                s/ Tonianne J. Bongiovanni
                               **HONORABLE TONIANNE J. BONGIOVANNI**
                               **UNITED STATES MAGISTRATE JUDGE**