NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **DONNA LLOYD,** | **Civil Action No. 11-4071 (JAP)** |
| **Plaintiffs,** | |
| **v.** | **MEMORANDUM ORDER** |
| **AUGME TECHNOLOGIES, INC.,** | |
| **Defendants.** | |

This matter comes before the Court upon Plaintiff Donna Lloyd's ("Plaintiff") second request for leave to file an Amended Complaint in order to assert claims of retaliation against Defendant Augme Technologies, Inc., ("Augme") for bringing counterclaims against Plaintiff [Docket Entry No. 25]. Augme opposes Plaintiff's Motion to Amend. The Court has fully reviewed and considered all arguments made in support of, and in opposition to, Plaintiff's motion. The Court considers Plaintiff's motion without oral argument pursuant to FED.R.CIV.P. 78. For the reasons set forth more fully below, Plaintiff's motion is GRANTED.

## I.      Background and Procedural History

This case involves Augme's alleged violations of the New Jersey Law Against Discrimination ("NJLAD") and the New Jersey Conscientious Employee Protection Act ("CEPA"). Plaintiff filed her Complaint on July 14, 2011 [Docket Entry No. 1]. Plaintiff agreed to allow Augme additional time to file a responsive pleading per a Stipulation Order filed on August 5, 2011. On September 9, 2011, Augme filed an Answer and asserted Counterclaims against Plaintiff [Docket Entry No. 5]. Plaintiff then filed a Motion to Amend [Docket Entry No. 9] seeking to add a claim

of retaliation against Augme due to Augme's assertion of counterclaims against her.  Per the Court's Order dated January 20, 2012 [Docket Entry No. 15], Plaintiff's motion was denied.  The parties engaged in discovery.  Plaintiff has now filed this motion seeking again to amend her Complaint in order to assert claims against Augme for retaliation for bringing counterclaims against her.

Plaintiff asserts that, although the parties have engaged in significant discovery, Defendant has not produced any documents which support its counterclaim of conversion.  Thus, Plaintiff argues that Augme's counterclaim is meritless and that the counterclaims themselves, particularly the conversion counterclaim, are an act of retaliation.  Plaintiff states that courts throughout the country have held that counterclaims, such as the ones asserted by Augme, can be construed as unlawful retaliation.  Plaintiff cites a number of cases from other jurisdictions in support of this proposition. *Plaintiff's Second Motion for Leave to File Amended Counterclaims*, Docket Entry No. 25 at *3.  Plaintiff further argues that she is able to state a claim for retaliation under the NJLAD and she contends that Augme will not suffer any prejudice if she is permitted to file an Amended Complaint. *Id.* at *4-5.  Thus, Plaintiff concludes that, given that leave to amend is generally freely given, there is no reason for denying Plaintiff's motion.

Augme opposes Plaintiff's motion and argues that Plaintiff is seeking to amend for a second time based on the same factual allegations, but under a new legal theory.  Augme contends that Plaintiff should not be allowed a "second bite of the apple." *Augme's Memorandum of Law in Opposition*, Docket Entry No. 26 at *6.  Augme also states that Plaintiff's motion should be denied on its merits for two reasons.  First, Augme asserts that Plaintiff's proposed amendments would fail as futile.  Second, Augme argues that Plaintiff's motion should be denied because Plaintiff unduly delayed in seeking to amend.

-2-

As it did in its opposition to Plaintiff's first Motion to Amend, Augme argues that Plaintiff cannot state a claim for retaliation under the NJLAD, because a former employer's assertion of a counterclaim against the former employee does not constitute an adverse employment action. *Id.* at *10. Augme relies, in large part, on the holding in *Flores v. City of Trenton*, Civil Action No. L-667-05, 2011 WL 812469 (N.J. App. Div. Mar. 10, 2011) as well as case law from other jurisdictions. *Id.* Although *Flores* is an Appellate Division case, Augme contends that this Court must give due regard to the *Flores* decision because it "involved a ruling by an intermediate level state court on a question of state law." *Augme's Opposition* at *10 (citing *Rolick v. Collins Pine Co.*, 925 F.2d 661, 664 (3d Cir. 1991).

Further, Augme argues that the cases which Plaintiff cites in support of her motion were not decided under the NJLAD. Augme points out that Plaintiff does not, and Augme asserts that Plaintiff cannot, "cite a single case in which a court sustained a retaliation claim under the NJLAD based on post-employment acts, let alone based on counterclaims brought by a former employer." *Augme's Opposition* at *11. Thus, Augme concludes that a post-employment action cannot provide the basis for a claim for retaliation under the NJLAD and, as such, Plaintiff's amendments must fail as futile.

Augme next argues that Plaintiff unduly delayed in seeking leave to amend. *Augme's Opposition* at *12. Augme asserts that Plaintiff had prior opportunity to bring a claim under NJLAD for retaliation; however, sought only to amend to add the retaliation claim under CEPA. Augme contends that it was only after this strategy failed that Plaintiff sought a "do-over" and moved for leave to file a retaliation claim under NJLAD. *Id.* at *14. Augme argues that these facts are similar to the facts presented to the court in *Goldfish Shipping, S.A. v. HSH Nordbank AG,* 623 F.Supp.2d

635, 636 (E.D. Pa. 2009).  In *Goldfish Shipping*, the movant's second proposed amended complaint relied on the same factual allegations while adding new breach of duty claims. *Augme's Opposition* at *12-13 (citing *Goldfish Shipping,* 623 F.Supp.2d at 6360. Augme states that the court in *Goldfish Shipping* found that the movant's delay caused an unwarranted burden on the court.  In *Goldfish Shipping*, the court focused on the interests of "judicial economy and finality" as well as "the movant's reasons for not amending sooner." *Goldfish Shipping*, 623 F.Supp.2d at 640 (citing *USX Corp. v. Barnhart*, 395 F.3d 161, 168 (3d Cir. 2004).  Augme also relies on the holding in *Gasoline Sales, Inc. v. Aero Oil Co.* in support of its position that Plaintiff's motion should be denied because of undue delay.  *Gasoline Sales, Inc. v. Aero Oil Co.*, 39 F.3d 70 (3d Cir. 1994).  Augme argues that the Court should deny Plaintiff's motion based on the same rationale as the courts in the *Goldfish Shipping* and *Gasoline Sales* cases.

Plaintiff has filed a reply brief.  In it, Plaintiff argues that her proposed amendments are not futile and Plaintiff asserts that Augme mis-states the law.  Plaintiff also argues that the circumstances are different now than they were at the time that Plaintiff filed her original motion to amend, thus she contends her proposed amendments are not based on the same facts.

Plaintiff asserts that in order to state a claim for retaliation pursuant to NJLAD, an employee need only suffer an "adverse action." *Plaintiff's Reply Memorandum*, Docket Entry No. 28 at *2 (citing *Roa v. Roa*, 200 N.J. 555, 574 (2010)).  Plaintiff further argues that the New Jersey Supreme Court has held that a retaliation claim need not be based on a work-related action. *Id.* at *3.  Thus, Plaintiff concludes that Augme's reliance on *Flores* is misplaced. *Flores v. City of Trenton,* Civil Action No. L-667-05, 2011 WL 812469 (N.J. App. Div. Mar. 10, 2011).

Plaintiff also argues that the remainder of the cases cited by Augme are distinguishable; however, Plaintiff does not elaborate on this argument. Further, Plaintiff contends that the NJLAD is analyzed in the same manner as Title VII; thus, Plaintiff argues that the cases she cited in her moving brief are directly applicable here although they did not implicate NJLAD.

Plaintiff argues that she did not unduly delay in seeking to amend her complaint. Plaintiff asserts that the timing of her motion was motivated by Augme's document production. Plaintiff distinguishes the circumstances of the case at hand from the scenarios present in the cases cited by Augme. Specifically, Plaintiff points out that the movants in *Goldfish Shipping* and *Gasoline Sales* sought to amend their complaints after final judgement had been entered in favor of defendant. Finally, Plaintiff argues that Augme has failed to identify how it would be prejudiced by the proposed amendment.

## II.     Analysis

Pursuant to FED.R.CIV.P. 15(a)(2), leave to amend the pleadings is generally given freely. *See Foman v. Davis,* 371 U.S. 178, 182 (1962); *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000). Nevertheless, the Court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." *Id*. However, where there is an absence of undue delay, bad faith, prejudice or futility, a motion for leave to amend a pleading should be liberally granted. *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004). An amendment is futile if it "is frivolous or advances a claim or defense that is legally insufficient on its face." *Harrison Beverage Co. v. Dribeck Imp.,*

*Inc.,*, 133 F.R.D. 463, 468 (D.N.J. 1990) (internal quotation marks and citations omitted).  In this case, Augme cites futility and undue delay as bases for denial of Plaintiff's motion to amend to add a claim for retaliation under NJLAD.  The Court shall address each argument in turn.

### A.  Futility

Augme states that post-employment acts cannot be the basis for a claim for retaliation under the NJLAD; thus, Augme argues that Plaintiff's proposed amendments are futile.  However, it is established in New Jersey that "a discrete post-discharge act of retaliation is independently actionable even if it does not relate to present or future employment."  *Roa v. Roa,*  200 N.J. 555, 561 (N.J. 2010).  Specifically, with respect to the LAD, the *Roa* court was "satisfied that the Supreme Court's holding that Title VII created a distinct cause of action for retaliatory conduct that need not be related to the workplace applies with equal force to the LAD."  *Roa*, 200 N.J. at 574 (citing *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 61, 126 S.Ct. 2405, 2411, 165 L.Ed.2d 345, 355 (2006)).  Therefore, it appears that Plaintiff can bring a claim for retaliation based on a post-employment action under the NJLAD.  As such, the Court will not deny her Motion to Amend on a futility basis.

### B.  Undue Delay

Augme next argues that Plaintiff unduly delayed in seeking leave to amend.  Indeed, it is unclear to the Court why Plaintiff waited until now to move to amend in order to bring a claim for retaliation under the NJLAD.  Plaintiff explains that her motion was prompted by Augme's discovery responses, or lack thereof.  It appears that the basis for Plaintiff's proposed claim of retaliation was the filing of the counterclaims themselves.  However, Plaintiff does not explain why discovery was needed prior to seeking leave to amend.  In addition, Plaintiff did not feel the need to engage in

discovery prior to filing her initial Motion to Amend to assert a claim for retaliation based on Augme's counterclaims under the CEPA.

Despite the absence of a valid explanation for the delay, delay alone does not justify denying a motion to amend. *See Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001). Rather, it is only where delay becomes "'undue,' placing an unwarranted burden on the court, or . . . 'prejudicial,' placing an unfair burden on the opposing party" that denial of a motion to amend is appropriate. *Adams v. Gould Inc.,* 739 F.2d 858, 868 (3d Cir. 1984). Moreover, unless the delay at issue will prejudice the non-moving party, a movant does not need to establish a compelling reason for its delay. *See Heyl & Patterson Int'l, Inc. v. F. D. Rich Housing of Virgin Islands, Inc.*, 663 F.2d 419, 426 (3d Cir. 1981). The Court must therefore consider whether Augme will be prejudiced by proposed amendment.

To establish prejudice, the non-moving party must make a showing that allowing the amended pleading would (1) require the non-moving party to expend significant additional resources to conduct discovery and prepare for trial, (2) significantly delay the resolution of the dispute, or (3) prevent a party from bringing a timely action in another jurisdiction. *See Long*, 393 F.3d at 400. In this case, Augme has not argued that it will be prejudiced by the proposed amendment. Augme simply states that it and the Court were forced to incur "the burden of addressing [Plaintiff's] prior motion to amend" and Augme contends that "[n]either should be forced to deal with [Plaintiff's] seriatim requests to amend." *Augme's Opposition* at *14-15. These statements alone, however, do not establish prejudice. The Court finds that allowing Plaintiff's amendments will not require Augme to expend significant additional resources to conduct discovery and prepare for trial; nor will the amendment significantly delay the resolution of the dispute.

-7-

Further, the cases cited by Augme in support of denial based on undue delay, in addition to being distinguishable in terms of procedural posture, do not support denial of Plaintiff's motion. *See Goldfish Shipping,* 623 F.Supp.2d 635; *see also Gasoline Sales*, 39 F.3d 70.  Although the courts in those cases held that a finding of prejudice to the non-movant was unnecessary to deny leave to amend, the courts' analysis focused on "judicial economy" and "unwarranted burden[s]." *Goldfish Shipping,* 623 F.Supp.2d at 640, 641, n.6; *see also Gasoline Sales*, 39 F.3d 70.  These are factors which, beyond the blanket statements referenced above, Augme failed to elaborate upon in its Opposition.  Augme does not suggest that the permitting the amendments would significantly delay the resolution of this matter; nor does Augme argue that additional discovery will be needed to address the new claim.  Regardless, discovery in this matter is ongoing and is set to conclude on September 21, 2012 [Docket Entry No. 29]; therefore, an amendment at this time will not hinder judicial economy.  In addition, the court in *Goldfish Shipping* ultimately concluded that granting the motion to amend would, in fact, be prejudicial to the non-movant. *Goldfish Shipping* at 641, n.6.  Thus, a stronger showing of either prejudice or of the negative effects of Plaintiff's delay on judicial economy is necessary for the Court to deny leave to amend strictly on the basis of undue delay.  In light of the absence of this showing, amendment will be permitted.

**III.    Conclusion**

For the reasons stated above and for good cause shown

**IT IS** on this 19th day of July, 2012

**ORDERED** that Plaintiff's motion to file an Amended Complaint is **GRANTED**; and it is further

**ORDERED** that Plaintiff file her Amended Complaint no later than **July 27, 2012**; and it is further

**ORDERED** that the Clerk of the Court shall terminate this motion [Docket Entry No. 25] accordingly.

     s/  Tonianne J. Bongiovanni
**HONORABLE TONIANNE J. BONGIOVANNI**
**UNITED STATES MAGISTRATE JUDGE**